UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:01-CR-169 |
| | § | |
| STEVEN CURTIS LEWIS | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed December 15, 2006, alleging that defendant violated conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

I.  The Original Conviction and Sentence

on October 29, 2002, before The Honorable Howell Cobb, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of unlawful possession of a firearm by a convicted felon, a Class C felony.  This offense carried a statutory maximum imprisonment term of 10 years.  The guideline imprisonment

range, based on a total offense level of 18 and a criminal history category of III, was 33 to 41 months.  However, the Court found that factors were present for an upward departure, as it was believed the defendant's criminal history category inadequately reflected the seriousness of the defendant's past criminal record and his likelihood of continuing criminal behavior.  The Court found that a criminal history category IV more adequately represented the defendant's history and produced a guideline range of 41 to 51 months.    Steven Curtis Lewis was subsequently sentenced to 51 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include the defendant shall not commit any offenses against a foreign state or nation; financial disclosure; drug aftercare; mental health aftercare; the defendant shall cooperate in the collection of DNA as directed by the probation officer; and a $100 special assessment.

## II.  The Period of Supervision

On June 26, 2006, Steven Curtis Lewis completed his period of imprisonment and began service of the supervision term.  On November 7, 2006, the case was reassigned to the Honorable Ron Clark, U.S. District Judge.

### III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on December 15, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Standard Condition: | Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. |

At the hearing on January 18, 2006, the court granted the government's oral motion to amend the grounds stated in the petition.  As amended, the petition alleges that defendant violated conditions of supervision by associating with Rosemary Pollard while engaged in the criminal activity of possession of marijuana.

### IV.  Proceedings

On January 18, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a standard condition of supervised release by associating with Rosemary Pollard while engaged in criminal activity. In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose twelve (12) months imprisonment, with no further term of supervised release thereafter. Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by associating with Rosemary Pollard while engaged in criminal activity.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by by associating with Rosemary Pollard while engaged in criminal activity , defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

> 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

<u>**Findings:**</u>

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by associating with Rosemary Pollard while engaged in criminal activity. Based upon defendant's plea of "true" to the allegation and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release. Defendant's violation is a Grade C violation with policy guidelines suggesting 6 to 12 months imprisonment upon revocation.

<u>**Conclusion:**</u>

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by associating with Rosemary Pollard while engaged in criminal activity. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release, by associating with Rosemary Pollard while engaged in criminal activity.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of Twelve (12) months.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this __24__ day of January, 2007.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge